This was a bill in equity stating the death of Tate several years ago, intestate. That administration of his estate was committed to the plaintiff by the proper court in North Carolina, where the intestate resided at the time of his death; stating, also, payments of debts justly due from him, the intestate, to an amount exceeding that of his personal estate, and a sale of all his lands in North Carolina to satisfy creditors. And that no estate of his was left, except some lands in this State, which the complainant prayed might be sold for the satisfaction of debts which he had paid, as aforesaid, above the amount of the personal assets. The defendants demurred to this bill. And upon argument before the Court they insisted that the complainant had not paid at their request, and therefore could not have any demand against them. He could not have been compelled, said they, beyond his assets: and his voluntary payments, to a greater amount, ought not to turn him into a creditor against the real estate of the deceased. And if he had any demand he might as well proceed at law as in this court. *Page 243 
Had not the complainant paid these surplus debts, the defendants would now be liable for them. And there is no injustice in saying, he shall stand in the place of the creditors, and resort to that property for satisfaction which they would have resorted to; and being debts justly due from the intestate, his lands were liable to the satisfaction of them. He need not have stated the debts more particularly; for, should the answer deny them, he will be called upon to state and prove them, severally, to the satisfaction of the Court.
Demurrer overruled, and the defendants called to answer.